**Nos. 26-5120, 26-5121, 26-5132**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

META PLATFORMS, INC.,
*Plaintiff-Appellant*,

v.

ROB BONTA, IN HIS OFFICIAL CAPACITY
AS ATTORNEY GENERAL OF CALIFORNIA,
*Defendant-Appellee.*

---

TIKTOK, INC. AND TIKTOK USDS JOINT VENTURE LLC,
*Plaintiffs-Appellants*,

v.

ROB BONTA, IN HIS OFFICIAL CAPACITY
AS ATTORNEY GENERAL OF CALIFORNIA,
*Defendant-Appellee.*

---

GOOGLE LLC AND YOUTUBE, LLC,
*Plaintiffs-Appellants*,

v.

ROB BONTA, IN HIS OFFICIAL CAPACITY
AS ATTORNEY GENERAL OF CALIFORNIA,
*Defendant-Appellee.*

---

**PLAINTIFFS-APPELLANTS' CONSOLIDATED OPPOSITION TO THE CITY AND COUNTY OF SAN FRANCISCO'S MOTION FOR AN EXTENSION OF TIME**

---

Isaac D. Chaput
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
(415) 591-6000

Alexander L. Schultz
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
(424) 332-4800

Mark W. Mosier
Teena-Ann V. Sankoorikal
Jeffrey E. Sandberg
Kuntal V. Cholera
Alexandra J. Widas
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000

*Counsel for Plaintiff-Appellant Meta Platforms, Inc.*

Jonathan D. Hacker
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
(202) 383-5300
(202) 383-5414
jhacker@omm.com

Daniel M. Petrocelli
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Suite 800
Los Angeles, CA 90067-6035
(310) 553-6700
(310) 246-6779

*Attorneys for Plaintiffs TikTok Inc. and TikTok USDS Joint Venture LLC*

Elizabeth B. Prelogar
Raymond P. Tolentino
Ephraim A. McDowell
COOLEY LLP
1299 Pennsylvania Ave., NW,
Suite 700
Washington, DC 20004
(202) 842-7800

Benedict Hur
Jonathan Patchen
Michael Rome
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000

*Counsel for Plaintiffs-Appellants Google LLC and YouTube, LLC*

Plaintiffs-Appellants Meta Platforms, Inc. ("Meta"); TikTok, Inc. and TikTok USDS Joint Venture LLC ("TikTok"); and Google LLC and YouTube, LLC ("YouTube") (all together, "Plaintiffs-Appellants") respectfully oppose the City and County of San Francisco's ("the City's") motion for a one-week extension of the deadline to file an amicus brief in support of the Defendant-Appellee Rob Bonta, in his official capacity as Attorney General of California (the "State"). Although Plaintiffs-Appellants consent to the City filing an amicus brief in these appeals, the City has not shown good cause for the requested extension.

In the evening on September 22, 2026, the City asked Plaintiffs-Appellants for their position on the City's requested extension. The City did not ask Plaintiffs-Appellants to respond to this outreach by any particular date or time. Without waiting for any response from Plaintiffs-Appellants, the City proceeded, less than forty-eight (48) hours later, to file a motion in this Court requesting a seven-day extension.

Even absent an extension, the City's planned amicus brief is not due until October 13, 2026. Fed. R. App. P. 29(a)(6). With a seven-day extension, the City's brief would not be due until October 20, 2026, a mere week before Plaintiffs-Appellants' reply briefs are due. The requested extension should be denied for several reasons.

*First*, an extension of time to file a brief is permitted only if "supported by a showing of diligence and substantial need." Circuit Rule 31-2.2(b). The City has failed to make that showing. The City fails to adequately explain why, even with diligence, it cannot complete and submit its amicus brief by the current deadline of October 13, 2026, which is *three weeks* after the City contacted Plaintiffs-Appellants about its intended amicus brief and *five weeks* after Plaintiff-Appellants filed their opening briefs.

The City's asserted justification for its extension request would apply to practically any amicus and thus falls short of the showing required by Circuit Rule 31-2.2(b). For example, the City argues that under the default schedule, there will be only one week between the filing of the State's merits brief and the City's amicus brief deadline, which the City claims is insufficient because it wishes to review the State's merits brief before filing its own amicus brief. But that is true in *every* case with respect to *every* amicus brief governed by the standard deadlines in Rule 29 of the Federal Rules of Appellate Procedure. Tellingly, the City has timely filed amicus briefs in this Court many times before,[1] and fails to explain why the circumstances here are any different.

[1] *E.g.*, *Custodero v. Apple, Inc.*, No. 25-7917 (9th Cir. July 17, 2026), Dkt. No. 37; *Wilkinson v. Meta Platforms, Inc.*, No. 25-7916 (9th Cir. July 17, 2026), Dkt. No. 60; *Newsom v. Trump*, 141 F.4th 1032 (9th Cir. 2025) (No. 25-3727), Dkt. No. 20; *Yim v. City of Seattle*, 63 F.4th 783 (9th Cir. 2023) (No. 21-35567), Dkt. No. 28.

Similarly, the City's suggestion that other third parties may be interested in joining the City's brief does not justify an extension. Amici—including the City[2]—routinely file amicus briefs on behalf of multiple parties within the Rule 29 deadline. Indeed, in these appeals, several of the amicus briefs supporting Plaintiffs-Appellants were submitted on behalf of multiple parties, and they were filed by the standard deadline. *See* Dkt. 29 (amicus brief by several First Amendment Scholars); Dkt. 34 (amicus brief by Center for Democracy & Technology, Electronic Frontier Foundation and Wikimedia Foundation); Dkt. 41 (amicus brief by Chamber of Progress, LGBT Tech, and the Woodhull Freedom Foundation). And in any case, even if other third parties do not promptly indicate whether they want to join in the City's brief, that would not prevent the City from timely filing its own brief.

*Second*, the City's requested extension would prejudice Plaintiffs-Appellants by halving the ordinary time to analyze and, if necessary, respond to any arguments made in the City's amicus brief. At the same time, Plaintiffs-Appellants will be responding to the State's consolidated opposition brief, as well as any other amicus briefs in support of the State, all within the expedited 3-week briefing period required in a preliminary injunction appeal pursuant to Circuit Rule 3-3(b). The City's unsubstantiated desire for an additional week for an amicus brief does not

---

[2] For example, the City was the lead amicus on the joint brief of approximately 50 amici in *Newsom*.

overcome the prejudice Plaintiffs-Appellants will experience by shortening their time to review and address that brief.

Accordingly, Plaintiffs-Appellants respectfully request that the Court deny the City's motion for a one-week extension to file an amicus brief. To the extent the Court is inclined to give the City any additional time, it should grant, at most, a two-day extension, making the City's amicus brief deadline October 15, 2026.

Dated: September 25, 2026

Respectfully submitted,

*/s/ Mark W. Mosier*
Mark W. Mosier
Teena-Ann V. Sankoorikal
Jeffrey E. Sandberg
Kuntal V. Cholera
Alexandra J. Widas
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000

Isaac D. Chaput
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
(415) 591-6000

Alexander L. Schultz
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
(424) 332-4800

*Counsel for Plaintiff-Appellant Meta Platforms, Inc.*

*/s/ Daniel Petrocelli*
Daniel M. Petrocelli
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Suite 800
Los Angeles, CA 90067-6035
(310) 553-6700
(310) 246-6779

Jonathan D. Hacker
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
(202) 383-5300
(202) 383-5414
jhacker@omm.com

*Attorneys for Plaintiffs TikTok Inc. and TikTok USDS Joint Venture LLC*

*/s/ Elizabeth Prelogar*
Benedict Hur
Jonathan Patchen
Michael Rome
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000

Elizabeth B. Prelogar
Raymond P. Tolentino
Ephraim A. McDowell
COOLEY LLP
1299 Pennsylvania Ave., NW,
Suite 700
Washington, DC 20004
(202) 842-7800

*Counsel for Plaintiffs-Appellants Google LLC and YouTube, LLC*

## Certificate of Compliance

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d) and 9th Cir. R. 27-1(1)(d) because this brief contains 789 words and no more than 20 pages, excluding the parts of the brief exempted by Fed. R. App. P. 27(a)(2)(B) and Fed. R. App. P. 32(f).

2. This motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(5) as well as the type-style requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(6) because it has been prepared in 14-point Times New Roman, a proportionally spaced typeface, using Microsoft Word.

*/s/ Mark W. Mosier*
Mark W. Mosier